UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ANTHONY RUBIO,<br><br>    Petitioner,<br><br>v.<br><br>ROSEMARY NDOH,<br><br>    Respondent. | Case No. 1:20-cv-00085-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT MOTION TO STAY AND HOLD IN ABEYANCE PETITION FOR HABEAS CORPUS<br><br>ECF No. 2<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN CASE TO DISTRICT JUDGE |

Alex Anthony Rubio, a state prisoner without counsel, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. He raised two claims of trial court error and provided evidence confirming that his claims were exhausted at the state level, as required by § 2254(b). *See id*. at 49-75. Petitioner then moved, in a separate motion, for a stay and abeyance of his petition, stating that he wanted to exhaust state-level remedies for an additional claim of ineffective assistance of counsel. ECF No. 2.

**Discussion**

A petitioner in state custody proceeding with a federal habeas petition must exhaust state judicial remedies before seeking federal habeas relief. *See* § 2254(b)(1); *Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018). The exhaustion doctrine is based on comity; it gives the state court

1

the first opportunity to correct the state's alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each of his claims before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The existence of a parallel state-level proceeding may justify our abstention from the case. *See Younger v. Harris*, 401 U.S. 37 (1971).

In this circuit, two procedures for staying a petition may be available while a petitioner exhausts his claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2002). Under *Rhines*, a stay and abeyance is available for "mixed petitions," or those containing both exhausted and unexhausted claims, upon a showing of, *inter alia*, good cause for the partial delay in exhaustion.[1] *Rhines*, 544 U.S. at 277. Here, petitioner has not presented a mixed petition, but rather a fully-exhausted petition and a motion to stay that refers to an unfiled, unexhausted claim. *See* ECF No. 1; ECF No. 2 at 1. Therefore, we decline to analyze petitioner's motion under *Rhines*.[2]

Unlike a *Rhines* stay, a *Kelly* stay is permitted for fully-exhausted petitions and does not require a showing of good cause for delay. *See King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009). Under *Kelly*, a case moves through three stages: first, the petitioner amends his petition to delete any unexhausted claims; second, the court, in its discretion, stays the amended, fully-exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and third, once the deleted claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition, adding the

---

[1] A *Rhines* stay is also available for fully-unexhausted petitions. *See Mena v. Long*, 813 F.3d 907 (9th Cir. 2016).

[2] Even if petitioner had presented a mixed petition, *Rhines* requires a showing of "good cause" for the delay in raising an unexhausted claim. *See Rhines*, 544 U.S. at 277-78. Here, petitioner cannot show good cause for his delay in exhausting his ineffective assistance of counsel claim; he did not provide a "reasonable excuse, supported by evidence" to justify his failure to exhaust. *See Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). Petitioner was aware of the ground for his claim of ineffective assistance of counsel during his trial and had ample opportunity to raise the claim on direct appeal. *See* ECF No. 2 at 1.

2

newly-exhausted claims. *See Kelly*, 315 F.3d at 1070-71 (citing *Calderon v. U.S. Dist. Court (Taylor)*, 134 F.3d 981, 986 (9th Cir. 1998)).

Here, because petitioner has submitted a fully-exhausted petition and has only made reference to—without including—his unexhausted claim in his motion to stay, amendment of the petition under *Kelly's* first step is unnecessary. We thus consider whether to stay the petition, in our discretion, under step two of *Kelly*. In support of his motion to stay, petitioner states that "recent events have unfolded in which [p]etitioner's trial attorney has acknowledged not giving any advice to petitioner regarding his plea offer of 18-years." ECF No. 2 at 1.[3] Because a denial of a stay at this point would likely foreclose the possibility of federal relief on petitioner's ineffective assistance of counsel claim, we recommend that this court stay the petition and hold it in abeyance until petitioner has fully exhausted his claim.

If petitioner's new claim is exhausted at the state level, he may then be able to proceed to step three of *Kelly* by amending his federal petition to include the additional claim. However, under *Kelly*, he will only be able to amend his petition with his newly-exhausted claim if that claim is timely when amendment is sought. *See King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Unlike filing an application for state habeas relief, filing a federal habeas claim does not toll AEDPA's statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001). To be timely, a claim must either (1) meet AEDPA's statute of limitations requirements, *see* 28 U.S.C. § 2244(d)[4] or (2) "relate back" to claims contained in the original petition that were exhausted at the time of filing. *See King v. Ryan*, 564 F.3d 1133, 1143 (9th Cir. 2009); *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

---

[3] As an exhibit, petitioner attached a letter from his father, sent to petitioner's trial counsel, which allegedly summarizes a conversation between petitioner's father and his trial counsel. ECF No. 2 at 4. In the letter, petitioner's father characterizes his conversation with the counsel, stating that the counsel said he "remembered not advising [petitioner] to accept the plea bargain offer of 18 years, instead of taking a jury trial and risking a life sentence" and that his "only duty is to inform the client of the plea offer and nothing else." *Id*. Petitioner did not attach a response letter from the trial counsel.

[4] Generally, federal habeas claims are timely when filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

A claim that simply arises from a "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims. *See Mayle*, 545 at U.S. 659. To "relate back," the new claim must share a "common core of operative facts" with the claims in the pending petition. *Id*. Here, because petitioner's initial claims attack the trial court's actions and his new claim attacks his attorney's actions, petitioner may have difficulty showing that these claims share a common core of operative facts. For that reason, we will require petitioner to notify this court of his intention to proceed under *Kelly* before we stay his petition under *Kelly*.

**Order**

Petitioner is ordered to notify this court within 30 days of the service of this order whether he wishes to proceed with a stay under the *Kelly* procedure. If petitioner does not wish to stay his petition under *Kelly*, the original petition may proceed. ECF No. 1. The clerk of court is ordered to assign this case to a district judge who will review these findings and recommendations.

**Findings and Recommendations**

We recommend that the court grant petitioner's motion to stay. ECF No. 2. Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, we submit the findings and recommendations to the U.S. District Court judge presiding over the case. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: February 21, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.

4