UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ANTHONY RUBIO,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>ROSEMARY NDOH,<br><br>　　　　　　Respondent. | Case No.　1:20-cv-00085-NONE-JDP<br><br>INFORMATIONAL ORDER IN RESPONSE TO PETITIONER'S REQUEST FOR CLARIFICATION<br><br>ECF No. 5<br><br>RESPONSE DUE IN THIRTY DAYS |

　　　　Alex Anthony Rubio, a state prisoner without counsel, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner raised two claims of trial court error and provided evidence confirming that his claims were exhausted at the state level, as required by § 2254(b). *See id*. at 49-75. Petitioner then moved, in a separate motion, for a stay and abeyance of his petition, stating that he wanted to exhaust state-level remedies for an additional claim of ineffective assistance of counsel. ECF No. 2. We issued findings and recommendations to grant petitioner's motion to stay and hold the petition in abeyance. ECF No. 4. Petitioner responded with a request for clarification. ECF No. 5.

**Discussion**

　　　　In his request for clarification, petitioner states that he does not understand the procedural process of a *Kelly* stay, the relevant type of stay in petitioner's case. *See* ECF No. 5 at 2; *Kelly v.*

1

*Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2002). Thus, we provide petitioner with the following explanation of the *Kelly* stay procedure.

Under *Kelly*, a case moves through three stages: first, the petitioner amends his petition to delete any unexhausted claims; second, the court, in its discretion, stays the amended, fully-exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and third, once the deleted claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition, adding the newly-exhausted claims. *See Kelly*, 315 F.3d at 1070-71 (citing *Calderon v. U.S. Dist. Court (Taylor)*, 134 F.3d 981, 986 (9th Cir. 1998)).

Here, petitioner has filed a petition with two fully exhausted claims and seeks a stay and abeyance of his petition to exhaust a third claim, ineffective assistance of counsel, at the state level. We recommended that petitioner's request for a stay be granted. ECF No. 4 at 4. Once petitioner's new claim is exhausted at the state level, he may then be able to proceed to step three of *Kelly* by amending his federal petition to include the additional claim. However, under *Kelly*, he will only be able to amend his petition with his newly-exhausted claim if that claim is "timely." *See King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Under *Kelly*, his amended petition will be timely if either (1) the amended petition is filed within AEDPA's statute of limitations, *see* 28 U.S.C. § 2244(d), or (2) the new claim "relates back" to his claims in his initial petition. *See King*, 564 F.3d at 1143; *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Petitioner states that he does not understand the timeliness requirements of *Kelly*.

Here, petitioner was sentenced for his state criminal conviction on February 4, 2016. ECF No. 1 at 1. Petitioner then sought direct appellate and state supreme court review of his conviction. The state supreme court denied review on February 20, 2019. *Id*. at 49. Petitioner then filed his original petition nearly a year later, on January 16, 2020. *Id*. at 1. Absent rare circumstances, a federal habeas petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For AEDPA purposes, "direct review" includes the ninety-day period in which the petitioner may petition for a writ of certiorari from the United

States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999). Therefore, petitioner had until May 21, 2020 to file his federal claim and his original petition appears timely.[1] However, the filing of a federal habeas claim does not toll AEDPA's statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001). For his amended petition to meet AEDPA's one-year statute of limitations, petitioner must both exhaust his state-level claim of ineffective assistance of counsel and file his amended federal petition by May 21, 2020, which is likely impossible.

However, if petitioner can demonstrate that his new claim, ineffective assistance of counsel, "relates back" to his claims in his original petition, the amended petition will be considered timely. A claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims. *See Mayle*, 545 at U.S. 659. To "relate back," the new claim must share a "common core of operative facts" with the claims in the pending petition. *Id*. Here, because petitioner's initial claims attack the trial court's actions and his new claim attacks his attorney's actions, petitioner may have difficulty showing that these claims share a common core of operative facts. For that reason, we will require petitioner to notify this court of his intention to proceed under *Kelly* before we stay his petition under *Kelly*. Alternatively, petitioner may alert this court that he wishes to proceed with his original petition only and forego asserting his ineffective assistance of counsel claim.

**Order**

Petitioner is ordered to notify this court within 30 days of the service of this order whether he wishes to proceed with a stay under the *Kelly* procedure. If petitioner does not wish to stay his petition under *Kelly*, the original petition may proceed. ECF No. 1. The deadline to file objections to our findings and recommendations, ECF No. 4, is extended accordingly.

---

[1] We arrive at May 21, 2020 as petitioner's federal filing deadline by adding one year and 90 days to the date of the state supreme court's denial of review.

IT IS SO ORDERED.

Dated: March 20, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.