1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALEX ANTHONY RUBIO,                        Case No.   1:20-cv-00085-JDP

12                  Petitioner,                 ORDER DISMISSING PETITIONER'S
                                                REQUEST FOR A STAY AND ABEYANCE
13          v.                                  AS MOOT

14   ROSEMARY NDOH,                             ECF No. 2

15                  Respondent.                 ORDER VACATING FEBRUARY 24, 2020
                                                FINDINGS AND RECOMMENDATIONS
16
                                                ECF No. 4
17
                                                ORDER REQUIRING RESPONSE TO
18                                              PETITION FOR WRIT OF HABEAS
                                                CORPUS, SETTING BRIEFING SCHEDULE,
19                                              AND DIRECTING SERVICE OF
                                                DOCUMENTS
20
                                                ECF No. 1
21

22

23          Alex Anthony Rubio, a state prisoner without counsel, petitioned for a writ of habeas

24   corpus under 28 U.S.C. § 2254.  ECF No. 1.  He raised two claims of trial court error and

25   provided evidence confirming that his claims were exhausted at the state level, as required by

26   § 2254(b).  *See id*. at 49-75.  Petitioner then moved, in a separate motion, for a stay and abeyance

27   of his petition to exhaust state-level remedies for an additional claim of ineffective assistance of

28   counsel.  ECF No. 2.  On February 24, 2020, we issued findings and recommendations to grant

                                                 1

1   petitioner's motion to stay and hold in abeyance his petition.  ECF No. 4.  We informed petitioner

2   that if he were to choose to forego the stay and abeyance of his petition, he will proceed with his

3   original petition.  *See* ECF Nos. 4, 6.  On April 23, 2020, petitioner notified the court that he

4   wishes to withdraw his request for a stay and abeyance.  ECF No. 7.  Accordingly, we will

5   dismiss petitioner's request for a stay and abeyance as moot, ECF No. 2; vacate our February 24,

6   2020 findings and recommendations, ECF No. 4; and proceed with a preliminary review of

7   petitioner's original petition, ECF No. 1.

8          Under Rule 4 of the Rules Governing Section 2254 Cases, the court must examine the

9   habeas corpus petition and order a response to the petition unless it "plainly appears" that the

10  petitioner is not entitled to relief.  It does not plainly appear that petitioner is not entitled to relief.

11  Therefore, we order the government to respond to the petition, set a briefing schedule, and direct

12  service of documents.

13         **Order**

14  1.      Petitioner's request for a stay and abeyance is dismissed as moot.  ECF No. 2.

15  2.      The February 24, 2020 findings and recommendations are vacated.  ECF No. 4.

16  3.      Within sixty days of the date of service of this order, respondent must file a

17          response to the petition.

18  4.      A response may be one of the following:

19          A.  An answer addressing the merits of the petition.  Any argument by

20              respondent that petitioner has procedurally defaulted a claim must be raised

21              in the answer, which must also address the merits of petitioner's claims.

22          B.  A motion to dismiss the petition.

23  5.      Within sixty days of the date of service of this order, respondent must file all

24          transcripts and other documents necessary for resolving the issues presented in the

25          petition.  *See* R. Governing Section 2254 Cases 5(c).

26  6.      If respondent files an answer to the petition, petitioner may file a traverse within

27          thirty days of the date of service of respondent's answer.  If no traverse is filed

28          within thirty days, the petition and answer are deemed submitted.

2

7.     If respondent moves to dismiss, petitioner must file an opposition or statement of non-opposition within twenty-one days of the date of service of respondent's motion.  Any reply to an opposition to the motion to dismiss must be filed within seven days after the opposition is served.  The motion to dismiss will be considered submitted twenty-eight days after the service of the motion or when the reply is filed, whichever comes first.  *See* Local Rule 230(l).

8.     Respondent must complete and return to the court within thirty days a form stating whether respondent consents or declines to consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c)(1).

9.     The clerk of the court is directed to serve a copy of this order on the state attorney general or the attorney general's representative.

IT IS SO ORDERED.

Dated:     April 28, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.